**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | |
| Gary M. Kramer, ) | Case No. 21-11699-TBM |
| ) | Chapter 11 |
| Debtor. ) | |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S**
**MOTION FOR APPROVAL OF INTERIM COMPENSATION PROCEDURES**

The United States Trustee ("UST"), through counsel, submits this Objection to the Debtor's Motion for Approval of Interim Compensation Procedures (Docket No. 29, the "Motion") and states as follows:

1. Gary M. Kramer (the "Debtor") commenced the above-captioned, Subchapter V chapter 11 case by the filing a voluntary chapter 11 petition on April 6, 2021 (the "Petition Date").

2. On April 7, 2021, Joli A. Lofstedt was appointed Subchapter V Trustee in this case.

3. The Debtor has thus far filed applications to employ three law firms: (i) Wadsworth Garber Warner Conrardy, P.C. as bankruptcy counsel; (ii) K & G Law Firm, LLC as special litigation counsel; and (iii) Dailey & Pratt, LLC as special counsel. *See* Docket Nos. 10, 23, & 35. The application to employ Dailey & Pratt, LLC has not yet been approved by the Court.

4. On May 4, 2021, the Debtor filed the Motion, by which he seeks approval of procedures permitting the debtor to pay professionals interim fees and expenses in advance of formal fee applications. The Motion estimates that professional fees will collectively amount to approximately $13,000 per month. *See* Motion at ¶ 9.

5. The Motion is governed in part by Local Bankruptcy Rule 2016-2(b). The UST objects to the Motion because it does not satisfy the requirements of L.B.R. 2016-2(b)(1)(B), which requires a "[v]erification *by the debtor* that the debtor's *cash flow* allows it to pay its professionals and other potential administrative priority claimants on a monthly or other specified interim advance basis." L.B.R. 2016-2(b)(1)(B) (emphasis added).

6. The Motion is not accompanied by a verification by the Debtor as to his cash flow. Nor does the Motion otherwise contain any meaningful discussion of the Debtor's cash flow, even though the proposed order submitted with the Motion contains a proposed finding that "the Debtor's cash flow allows it to pay its professionals and other potential administrative priority claimants on a monthly or other specified interim advance basis." *See* Docket No. 29-1.

7. To the contrary, based on the Debtor's disclosures in his Schedules I and J, the Debtor's cash flows apparently do not allow him to pay professionals and other potential administrative priority claimants on a monthly basis. That is, Schedules I and J together show a monthly net *loss* of $4,898.20. *See* Docket No. 1.

8. Further, while the Debtor has an interest in bank accounts and investment accounts, the UST understands that some or all of those accounts are subject to a division of marital property in a pending domestic case, and the Motion does not explain which accounts would be available to pay monthly professional fees in this case given monthly losses contemplated by Schedules I and J.

WHEREFORE, the UST objects to the Motion for the reasons set forth above and requests such other and further relief as the Court deems appropriate.

Dated: May 18, 2021  PATRICK S. LAYNG
UNITED STATES TRUSTEE

/s/ Alan K. Motes
By: Alan K. Motes, #33997
Trial Attorney for the U.S. Trustee
1961 Stout Street, Suite 12-200
Denver, Colorado 80294
(303) 312-7999 telephone
(303) 312-7259 facsimile
Alan.Motes@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 18, 2021, a copy of the UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR APPROVAL OF INTERIM COMPENSATION PROCEDURES was served on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

- Attorney David Warner, via CM/ECF

/s/ Alan K. Motes
Office of the United States Trustee