**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 21-11699 TBM |
| GARY M. KRAMER, ) | |
| ) | Chapter 11 |
| Debtor. ) | |

**PLAN OBJECTION SUMMARY REPORT AND MOTION TO CONVERT HEARING TO TELEPHONIC STATUS AND SCHEDULING CONFERENCE**

Gary M. Kramer ("Debtor"), debtor-in-possession herein, by and through its undersigned counsel, hereby submits this *Plan Objection Summary Report and Motion to Convert Hearing to Telephonic Status and Scheduling Conference,* and, in support thereof, states as follows:

1. Below is a summary of objections to Debtor's *Plan of Reorganization for Individual Under Chapter 11* (the "Plan") (Docket No. 73) and Debtor's responses thereto:

    a. Cenlar FSB, as Servicer for ARK-LA-TEX Financial Services, LLC d/b/a Benchmark Mortgage (the "Secured Creditor") objection (Docket No. 100):

        i. The phrase "ordinary monthly payments" is not defined in the Plan and the Secured Creditor proposes language to resolve its objection.

        Debtor's response: Debtor has inserted the language requested by the Secured Creditor in a proposed amended plan and has circulated the same among the objecting parties. The Secured Creditor has confirmed that the proposed amendments will resolve its objection. A true and accurate copy of a redline version of the Debtor's First Amended Plan of Reorganization for Individual Under Chapter 11 (the "Amended Plan") showing any differences between the Plan and the Amended Plan is attached hereto as **Exhibit 1**.

    b. *United States Trustee's Objection to Confirmation of Debtor's Plan of Reorganization for Individual Under Subchapter V of Chapter 11* (Docket No. 104):

        i. The United States Trustee (the "UST") objects to the Plan for the following reasons: (a) The liquidation values listed in the plan and exhibits are inconsistent and contain a typo; (b) the Plan should include a mechanism for informing creditors after the property division in the pending divorce case is final; (c) creditors should not have to wait five years before receiving a final distribution; (d) the Debtor should explain whether he will have the ability to pay administrative claims on the

effective date; (e) certain language from the official form should be changed to reflect that the Debtor is an individual debtor; (f) the Debtor should clarify that his repayments to a 401(k) loan are voluntary; (g) the liquidation analysis does not include certain accounts that belong to the Debtor's daughters that were originally listed in the bankruptcy schedules; (h) it is not clear whether certain payments in the budget are for past-due or future taxes; (i) it is not clear whether the support payments to the Debtor's ex-wife are fixed or will change; and (j) the Debtor should disclose the terms of certain loans and payment obligations so that creditors can evaluate whether the Debtor will have additional monthly disposable income.

Debtor's Response: Debtor has addressed most, if not all, of the UST's points through the changes reflected in the Amended Plan as follows: (a) Debtor has changed the anticipated or potential liquidation values to be consistent throughout the Amended Plan and the exhibits and corrected the typo; (b) the Amended Plan contains a requirement that creditors be notified regarding the results of the property division; (c) the Amended Plan now provides that the Debtor will make fixed quarterly payments of $6,000.00 until, within 12 months after the property division becoming final, the value of any non-exempt assets remaining with the Debtor, less any payments already made, will be distributed *pro rata* to the unsecured creditor class; (d) additional information regarding the manner in which administrative claims will be paid is set forth; (e) the language at issue from the official form is included in its entirety; (f) the Debtor has clarified that the 401(k) loan payments are voluntary; (g) the Debtor has amended his schedules to remove the daughter's accounts from his list of assets: (h) the Debtor has clarified that certain payments listed in the budget are for past-due taxes; (i) the Debtor has clarified the status of the support payments to his ex-wife; and (j) the Debtor has converted the payments to unsecured creditors to be fixed until a final distribution is made after the property division is finalized.

c. *Objection to Confirmation of Chapter 11 Plan* filed by Simmons Eye Associates, P.C. d/b/a the Vision Institute of Colorado and Stream Management LLC (the "Vision Institute Creditors") (Docket No. 102):

   i. This bankruptcy is a two-party dispute and the Debtor has filed the instant case in bad-faith to avoid the supersedeas bond requirement for his pending appeal of the judgment obtained by the Vision Institute Creditors.

   Debtor's response: Debtor's bankruptcy serves a legitimate bankruptcy purpose because the judgment at issue rendered him insolvent and Debtor has significant amounts of additional debt. Moreover, the Debtor has timely proposed a viable plan of reorganization. The

        Debtor's situation is distinguishable from the facts in the cases cited by the Vision Institute Creditors in that the Debtor is not a *solvent* debtor (possessing the ability to immediately satisfy the judgment) with a stagnant bankruptcy case.

    ii. The Debtor's plan contains a typo regarding the amount that would be available for distribution if Debtor were to receive 35% of the non-exempt assets after a property division in the divorce case.

        <u>Debtor's response</u>: The Debtor has corrected the typo in the Amended Plan.

    iii. Debtor's plan fails to identify both Vision Institute Creditors.

        <u>Debtor's response</u>: Debtor has properly identified both Vision Institute Creditors in the Amended Plan.

d. *Objection to Confirmation* filed by Nancy Kramer ("Ms. Kramer") (docket no. 101):

    i. The Plan calls for non-priority unsecured creditor to be paid 100% of their allowed claims in the summary and the Debtor's assets are insufficient to satisfy all claims in full.

        <u>Debtor's response</u>: The Debtor has clarified that if the Debtor receives 50% of the marital property in the divorce case and all the claims are allowed in full, unsecured creditors would receive approximately 48 cents on the dollar. In any event, creditors will receive their pro-rata share of the liquidation value of any non-exempt assets awarded to the Debtor through a property division in the pending divorce case (less any payments made under the Amended Plan prior to such a distribution).

    ii. The Debtor does not appear to have the ability to pay all the administrative expenses of the bankruptcy estate.

        <u>Debtor's response</u>: In the Amended Plan the Debtor explains how the administrative expenses will be paid (some over time through monthly payments).

    iii. Payments to unsecured creditors is to occur in the fifth year of the Plan and lacks remedies and/or accountability for the failure to comply.

        <u>Debtor's response</u>: The Amended Plan now provides that the Debtor will make fixed quarterly payments of $6,000.00 until, within 12 months after the property division becomes final, the value of any non-exempt assets remaining with the Debtor, less any payments already made, will be distributed *pro rata* to the unsecured creditor class.

    iv. Payments to unsecured creditors are to occur in the fifth year of the Plan and the Plan lacks remedies and/or accountability for any failure to comply.

    <u>Debtor's response</u>: The Amended Plan now provides that the Debtor will make fixed quarterly payments of $6,000.00 until, within 12 months after the property division becoming final, the value of any non-exempt assets remaining with the Debtor, less any payments already made, will be distributed *pro rata* to the unsecured creditor class.

    v. The Debtor may owe a domestic support obligation to his ex-wife in connection with final orders to be issued in the divorce case.

    <u>Debtor's response</u>: Debtor has included a disclosure in the Amended Plan regarding this potential scenario.

    vi. The Debtor's plan contains a typo regarding the amount that would be available for distribution if Debtor were to receive 35% of the non-exempt assets after a property division in the divorce case.

    <u>Debtor's response</u>: Debtor has corrected the typo in the Amended Plan.

    vii. The liquidation analysis and confirmability of the Plan is dependent on the property division to be completed in the pending divorce case which "will not occur any sooner than January 24, 2022," thus, the feasibility of the Plan is in question.

    <u>Debtor's response</u>: The Amended Plan provides for interim payments until the property division is finalized and a mechanism to ensure that unsecured creditors receive at least what they would have received in a liquidation. Debtor and his ex-wife may agree to a property division and seek approval of the same prior to the hearing scheduled in the divorce court on January 24, 2022.

e. Notes from the Subchapter V trustee, Joli A. Lofstedt ("Ms. Lofstedt") (informal objection):

    i. The exhibits contain arithmetic errors.

    <u>Debtor's response</u>: The Debtor has amended the exhibits to the plan and the Amended Plan now contains corrected figures.

    ii. The Debtor does not explain how he will pay the administrative expenses of the bankruptcy estate.

    <u>Debtor's response</u>: In the Amended Plan the Debtor explains how the administrative expenses will be paid (some over time through monthly payments).

    iii. The Plan does not explain what will happen to the claim of the Vision Institute Creditors if their claim is found to be non-dischargeable.

    <u>Debtor's response</u>: The Amended Plan now provides that the Vision Institute Creditors will be paid their pro-rata portion of any allowed unsecured claim through the plan and not be able to enforce a non-dischargeable judgment, if any, unless the debtor defaults under the plan or until the plan is completed.

    iv. The exhibit to the Plan does not make it clear whether the monthly expenditure for taxes is for a priority tax claim or future taxes.

    <u>Debtor's response</u>: The Amended Plan clarifies that the anticipated priority tax payment amount is approximately $550 a month.

    v. Is there malpractice insurance available to satisfy all or some of the claim asserted by Timothy Reese?

    <u>Debtor's response</u>: Debtor has included a disclosure in the Amended Plan regarding the availability of malpractice insurance to defend and potentially pay this claim.

2. Accordingly, to (a) provide Debtor time to file the Amended Plan; (b) allow the Debtor and the Court to hear the positions of the objecting parties regarding the Amended Plan; and (c) to allow the Court to determine if the Amended Plan should be transmitted to creditors and parties-in-interest for an additional round of voting and objections, the Debtor respectfully requests that the confirmation hearing of September 13, 2021 at 1:30 pm be converted to a telephonic status and scheduling conference.

WHEREFORE, Debtor seeks entry of an order converting the hearing of September 13, 2021 to a telephonic status and scheduling conference and for such other and further relief the Court deems just and proper.

DATED this September 8, 2021.

Respectfully submitted,

WADSWORTH GARBER WARNER CONRARDY, P.C.

<u>/s/David J. Warner</u>
David J. Warner, #38708
2580 West Main Street, Suite 200
Littleton, Colorado 80120
(303) 296-1999 /Fax: (303) 296-7600
dwarner@wgwc-law.com
Attorneys for Gary M. Kramer, Debtor-in-Possession

## CERTIFICATE OF MAILING

      I hereby certify that on this 8th day of September, 2021, a complete copy of the **PLAN OBJECTION SUMMARY REPORT AND MOTION TO CONVERT HEARING TO A STATUS AND SCHEDULING CONFERENCE** was served on the following parties in accordance with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules.

Gary M. Kramer
3051 Blackwood Place
Colorado Springs, CO 80920

Alan K. Motes
Alan.Motes@usdoj.gov

Joli A. Lofstedt
joli@jaltrustee.com

US Trustee
USTPRegion19.DV.ECF@usdoj.gov

Ilene Dell'Acqua
idellacqua@mccarthyholthus.com

Christopher D. Bryan
cbryan@garfieldhecht.com

Jason S. Buckley
jbuckley@garfieldhecht.com

Jordan Factor
Jfactor@allen-vellone.com

Lance Henry
LHenry@allen-vellone.com

Stephen E. Berken
stephenberkenlaw@gmail.com

                                                         */s/ Angie Garcia*
                                                         Paralegal
                                                         For WADSWORTH GARBER WARNER CONRARDY, P.C.